

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

DOUGLAS E. ROWE
PARTNER
DIRECT DIAL 516.296.7102
drowe@certilmanbalin.com

September 18, 2014

**VIA ELECTRONIC FILING**

Honorable Frederic Block
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

     **RE:**   **Maximino Aguilar, et al. v. Rollin Dairy Corp, d/b/a Rollin Dairy, et al.**
              **E.D.N.Y. Docket No.: 14-CV-04449 (FB)(RML)**

Dear Judge Block:

     This firm represents Rollin Dairy Corp, d/b/a/ Rollin Dairy, KB&R International Food Group, Inc., Rollin Gianella, Anna Maria Gianella, Juan Monge, Miguel Monge, Carlos A. Ladino, Victor Ayala, and Bryon Clegg (hereinafter collectively "Defendants") in connection with the above-referenced matter. Pursuant to Your Honor's individual motion practices, Defendants respectfully request a pre-motion conference for permission to move pursuant to FRCP 12(b)(6) to dismiss certain portions of and certain Defendants from Plaintiffs' complaint (hereinafter the "Complaint") as set forth in more exacting detail *infra*.

     At bottom, the instant litigation is a hybrid Labor Management Relations Act § 301 claim with additional purported causes of action pertaining to alleged violations of federal and state labor laws as well as a cause of action sounding in breach of contract under New York State common law. Defendants seek to have the second, third, and seventh causes of action dismissed as well as the individual Defendants and Defendant KB&R International Food Group, Inc.

### THE SECOND CAUSE OF ACTION SHOULD BE DISMISSED

     Plaintiffs' second cause of action, sounding in breach of a collective bargaining agreement, alleges that Rollin Dairy Corp. "breached the collective bargaining agreement[1] by failing to provide the Plaintiffs with any benefits thereof." Complaint, ¶ 261.

     As a threshold matter, Defendants vehemently argue that the subject collective bargaining agreement does not apply to Plaintiffs. Page 1, paragraph 2 of the agreement entitled "Coverage" provides that "[t]his Agreement shall cover every employee of the Employer

---

[1] Ostensibly, Plaintiffs refer to the July 1, 2005 to June 30, 2007 agreement between Milk Wagon Drivers and Dairy Employees Local 584 International Brotherhood of Teamsters and the Metropolitan Dairy Employers of the City of New York, or some extension thereof.

CERTILMAN BALIN ADLER & HYMAN, LLP
SUFFOLK OFFICE: HAUPPAUGE, NY 11788



employed in or about a milk distributing branch, pasteurizing plant, and garage in the Metropolitan Area, as defined in paragraph 3 hereof, excluding, however the following classifications of employees:…" Simply put, Plaintiffs did not work in such environs as would have them come with the purview of the subject collective bargaining agreement. Instead, Plaintiffs worked exclusively in areas not covered by the "Coverage" provision of the collective bargaining agreement.

Even assuming *arguendo* that Plaintiffs did fall within the purview of the subject collective bargaining agreement, Plaintiffs' second cause of action is time barred. It is axiomatic that the statute of limitations that applies to a hybrid Labor Management Relations Act § 301 claim is six (6) months and that said statute of limitations begins to run when a union member knew or reasonably should have known that a breach of the duty of fair representation had occurred. *Rosario v. Local 1106 Transp. Works & Transervice Lease Corp.,* 2014 U.S. Dist. LEXIS 9691 (E.D.N.Y. Jan. 27, 2014). Here, the Complaint alleges that Plaintiffs were all terminated in or before November 2013. It is inconceivable that Plaintiffs could have been working alongside union members, in some instances for years, and then have been let go and not have become aware of their alleged "union rights" including the duty of fair representation prior to or at the very least concurrent with their termination. As the Complaint was filed on July 24, 2014, the second cause of action is unquestionably time barred and must be dismissed with prejudice.

## THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED

Plaintiffs' third cause of action is for purported violations of the overtime provisions of the Fair Labor Standards Act (hereinafter "FLSA"). However, pursuant to Section 13(b)(1) of the FLSA Defendants are not under a federal obligation to pay Plaintiffs, self-described in the complaint as "driver's helpers" overtime. Simply put, Rollin Dairy is a motor private carrier, Plaintiffs are "driver's helpers," Plaintiffs have duties that affect the safety of operation of motor vehicles while in transportation on public highways in interstate or foreign commerce, and the motor vehicles in question do not fall within the small vehicle exemption. As such, the third cause of action must be dismissed.

## THE SEVENTH CAUSE OF ACTION SHOULD BE DISMISSED

Plaintiffs' seventh cause of action is brought under New York State common law and alleges breach of contract. As an initial matter, it is Defendants' position that the subject collective bargaining agreement does not apply to Plaintiffs for the reasons discussed *supra*. Assuming for the sake of argument that the subject collective bargaining agreement does apply to Plaintiffs, their state law claim must be dismissed as pre-empted by federal law and more specifically § 301 of the Labor Management Relations Act. In *Shearon v. Comfort Tech Mech. Co.,* 936 F. Supp. 2d 143, 152 (E.D.N.Y. 2013), the Court noted that "[t]he Supreme Court has articulated the principle of *Section 301* pre-emption as follows: 'if the resolution of a state-law claim depends upon the meaning of a [CBA], the application of state law…is pre-empted and federal labor-law principles…must be employed to resolve the dispute." (internal citation



omitted).  Here, there can be no question that the resolution of the state law claim depends upon the meaning of the CBA as the contract allegedly being breached is the collective bargaining agreement itself.  As such, the seventh cause of action must be dismissed.

## THE INDIVIDUAL DEFENDANTS AND KB&R INTERNATIONAL FOOD GROUP, INC. SHOULD BE DISMISSED FROM THE ACTION

Plaintiffs incorrectly attempt to create liability where none exists with respect to the seven individual Defendants and KB&R International Food Group, Inc. by, *inter alia*, attempting to paint said Defendants with the brush of joint employer/alter ego liability.  With respect to Anna Maria Gianella, Juan Monge, Miguel Monge, and Victor Ayala the Complaint contains naked regurgitated allegations that each individual "possesses or possessed operational control over Rollin Dairy, possesses or possessed an ownership interest in Rollin Dairy, and controls or controlled significant functions of Rollin Dairy" and that said individual "determined the wages and compensation of the Plaintiffs, established their schedules, maintained their employee records, and had the authority to hire and fire them."  As to Carlos A. Ladino, the Complaint sets forth similarly toothless allegations, substituting "the Corporate Defendants" for "Rollin Dairy" and merely adds alleged professional titles.  With respect to Bryon Clegg, it is not even alleged that he established Plaintiffs' schedules, maintained their employee records, or had the authority to hire and fire them as it is alleged with respect to the other individual Defendants.  Allegations against Rollin Gianella and KB&R International Food Group, Inc. are also sparse.  Defendants submit that such conclusory allegations as the aforesaid are insufficient to make the foregoing Defendants joint employers with Rollin Dairy Corp. under the test set forth in *Zheng v. Liberty Apparel Co.*, 2003 WL 23028312 (2d Cir. Dec. 30, 2003), to create personal liability for the individual Defendants under the economic realities test set forth in *Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. N.Y. 1999) or to have the Defendants be considered Rollin Dairy Corp.'s alter egos (See e.g. *NetJets Aviation, Inc. v. LHC Communs., LLC*, 537 F.3d 168, 176 (2d Cir. N.Y. 2008)(holding that "to prevail under the alter-ego theory of piercing the veil, a plaintiff need not prove that there was actual fraud but must show a mingling of the operations of the entity and its owner plus an overall element of injustice or unfairness").   As such, the aforementioned Defendants should be dismissed from the instant action.

Thank You for Your consideration of our request.

Respectfully submitted,

_____
/S/
Douglas E. Rowe, Esq.

cc:     Steven John Moser, Esq. (Via ECF)
        Gary S. Witlen, Esq. (Via ECF)

2922210.1